# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

ROBERT WILSON,

    Plaintiff,

vs.

STATE OF IOWA, LINN COUNTY
PROSECUTORS OFFICE, LINN
COUNTY SHERIFF'S OFFICE, LINN
COUNTY SHERIFF DETECTIVE,

    Defendants.

No. C06-0179-LRR

ORDER

---

  This matter is before the court on the plaintiff's application to proceed in forma pauperis. The plaintiff submitted such application on December 12, 2006. Along with his application to proceed in forma pauperis, the plaintiff submitted a complaint pursuant to 42 U.S.C. § 1983. Also before the court is the plaintiff's request for interrogatories, filed December 19, 2006, motion for appointment of counsel, filed December 21, 2006, motion for production of documents, filed December 21, 2006, motion for a preliminary injunction, filed December 21, 2006, motion to amend complaint, filed December 28, 2006, and motion for documents and interrogatories, filed January 3, 2007. On numerous occasions, the plaintiff submitted briefs in support of his claims and he also supplemented the record and his various motions or requests.[1]

  On December 29, 2006, the court ordered the plaintiff to submit a certified copy of his inmate account statement by no later than January 12, 2007. Rather than submit a certified copy of his inmate account statement, the plaintiff paid the required filing fee on

---

[1] The court notes that the instant action appears to be related to *Wilson v. Unknown Defendants*, Case No. 1:06-cv-00164-LRR (N.D. Iowa 2006).

January 8, 2007. *See* 28 U.S.C. § 1914. Accordingly, the plaintiff's application to proceed in forma pauperis (Docket No. 1) is **DENIED** as moot.[2] The case will proceed in the normal course.

Concerning the plaintiff's request for interrogatories, motion for production of documents and motion for documents and interrogatories, all are premature. Accordingly, the plaintiff's request for interrogatories (Docket No. 4), motion for production of documents (Docket No. 6) and motion for documents and interrogatories (Docket No. 14) are **DENIED**. With respect to the plaintiff's motion for appointment of counsel, the court does not believe counsel is warranted. *See Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996) (setting forth factors to be considered for appointment of counsel in civil case); *Abdullah v. Gunter*, 949 F.2d 1032, 1035 (8th Cir. 1991) (same); *Wiggins v. Sargent*, 753 F.2d 663, 668 (8th Cir. 1985) (stating an indigent litigant enjoys neither a statutory nor a constitutional right to have counsel appointed in a civil case). There is no need to appoint an attorney when the complaint most likely fails to state a claim upon which relief can be granted and the individual claims are not complex and they appear to be without merit or frivolous. Accordingly, the plaintiff's motion for appointment of counsel (Docket No. 5) is **DENIED**. Regarding the plaintiff's motion for a preliminary injunction, the

---

[2] The court notes that, in the event that the plaintiff elected to rely on 28 U.S.C. § 1915, the court would have dismissed the complaint because it is frivolous or fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e); 28 U.S.C. § 1915A(b); *see also Heck v. Humphrey*, 512 U.S. 477, 486, 114 S. Ct. 2364, 129 L. Ed.2d 383 (1994) (concluding that a 42 U.S.C. § 1983 cause of action for damages does not arise until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal . . ., or called into question by the issuance of a writ of habeas corpus"); *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973) (stating that, if a plaintiff is challenging the validity of his conviction or the duration of his incarceration and seeking a determination that he is entitled to immediate or speedier release, a writ of habeas corpus is the only federal remedy available); 28 U.S.C. § 2254(b)(1) (requiring exhaustion of the remedies available in the courts of the State).

court, having considered the plaintiff's contentions and the applicable authority, including Rule 65(a) of the Federal Rules of Civil Procedure, concludes that it is not appropriate to grant a preliminary injunction. Accordingly, the plaintiff's motion for a preliminary injunction (Docket No. 7) is **DENIED**. Finally, the court considered the plaintiff's motion to amend complaint, and the court deems it appropriate to permit the plaintiff to amend his complaint. Accordingly, the plaintiff's motion to amend complaint (Docket No. 12) is **GRANTED**. The Clerk of Court is **DIRECTED** to file the plaintiff's amended complaint.

**IT IS SO ORDERED**.

**DATED** this 9th day of January, 2007.

_____
LINDA R. READE
CHIEF JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA